UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CONRAD MURPHY, et al.,            )
        Plaintiffs,               )
                                  )  Civ. Action No. 19-12481-PBS
        v.                        )
                                  )
CHARLES BAKER, et al.,            )
        Defendants.               )

ORDER

June 22, 2020

SARIS, D.J.

This pro se civil rights action was initiated by Conrad Murphy and Christopher Fladger, each a civilly committed inmate confined to the Massachusetts Treatment Center ("MTC"). See Docket No. 1. Plaintiffs seek declaratory and injunctive relief for the alleged violation of their constitutional rights. Id. Plaintiffs challenge the civil commitment statute M.G.L. c. 123A as punitive on its face and as applied. Id. The complaint names as defendants (1) Charles Baker, Governor of the Commonwealth of Massachusetts; (2) Carol Mici, Commissioner of Correction; and (3) Lisa Mitchell, the former MTC Superintendent. Id.

Before the court is defendants' motion to dismiss. See Docket No. 22. The defendants argue that (1) the pro se plaintiffs cannot serve as class representatives; (2) the claims against Governor Baker fail as a matter of law; (3) the

plaintiffs' challenge to M.G.L. c. 123A fails as a matter of law; (4) the complaint fails to state a claim under M.G.L. c. 123A; (5) and the complaint fails to state a claim for violation of federal constitutional rights.  See Docket No. 23.

Plaintiffs oppose defendants' motion, see Docket No. 24, and have moved for class certification and appointment of counsel.  See Docket Nos. 25, 26.  Plaintiffs' opposition argues against dismissal and seeks appointment of counsel to "bring forth the Plaintiff's 14th Amendment and state statutory violations as to the Sex Offender Civil Commitment Statute being unconstitutional as written and as applied." See Docket No. 24, p. 2.

The deadlines as to plaintiffs' pending motions were stayed pending a ruling on defendants' motion to dismiss.  See 06/19/20 Electronic Order, Docket No. 28.

Here, the court will allow the motion to dismiss without prejudice because pro se plaintiffs cannot act as class representatives.  A basic requirement for all class actions is that the named plaintiffs can fairly and adequately represent the class.  See Fed. R. Civ. P. 23(a)(4).  "Although 28 U.S.C. § 1654 permits persons to proceed pro se, this provision does not allow unlicensed lay people to represent other pro se litigants." Cohen v. Attorney Gen. of Massachusetts, No. CA 11-11500-NMG, 2011 WL 5008088, at *7 (D. Mass. Oct. 18, 2011)

2

(citing Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991)).

Conrad Murphy and Christopher Fladger, as pro se plaintiffs, cannot fairly and adequately represent the interests of the class that they have identified.  See Avery v. Powell, 695 F.Supp. 632, 643 (D.N.H. 1988) (a pro se plaintiff did not conform with the class certification requirement that he be able to "fairly and adequately" protect the interests of the class).  Moreover, the court does not find that the complexity of the factual and legal issues raised warrant the appointment of counsel.

Accordingly, defendants' motion (Docket No. 22) to dismiss is allowed without prejudice to plaintiffs refiling an action as to their individual claims.  Plaintiffs' motion (Docket No. 25) for class certification and motion (Docket No. 26) for appointment of counsel are denied.  The clerk shall enter a separate order of dismissal.

SO ORDERED.

    /s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE